UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

FILED
U.S. DISTRICT COURT

2008 MAR 19 P 3: 31

DISTRICT OF UTAH

BY:_____
DEPUTY CLERK

IN RE iMERGENT
SECURITIES LITIGATION

Master File No.: 2:05-cv-0204

## [PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT

This matter came before the Court for hearing pursuant to the Order of this Court of December 12, 2007, on the parties' application for approval of the Partial Settlement set forth in the Stipulation of Settlement, dated as of October 31, 2007 (the "Stipulation"). Due and adequate notice having been given to the Settlement Class as required in said Order, and the Court having considered all papers filed and proceeding had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT

1. This Final Approval Order and Judgment (the "Judgment") incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meaning as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including the Settlement Class Members.

3. Pursuant to Federal Rule of Civil Procedure 23, this Court approves the Settlement set forth in the Stipulation and finds that said Settlement is, in all respects, fair, just, reasonable and adequate to the Settlement Class.

4. Except as to any individual claim of those Persons (identified in Exhibit 1 hereto) who have validly and timely requested exclusion from the Settlement Class, the Action and all claims contained therein, as well as all of the Released Claims are dismissed with prejudice as to the

Lead Plaintiffs and the other Settlement Class Members, and against the Released Parties, but said claims are not dismissed against non-settling defendant Grant Thornton, LLP. Each of the parties is to bear his, her or its own costs, except as otherwise provided in the Stipulation.

5. The Court finds that the Stipulation and the Settlement are fair, just, reasonable and adequate as to the Lead Plaintiffs, the Settlement Class Members and the Settling Defendants, and the Settling Parties are hereby directed to perform its terms.

6. Upon the Effective Date hereof, the Lead Plaintiffs and each Settlement Class Member shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against the Released Parties, whether or not such Settlement Class Member executes and delivers the Proof of Claim and Release. The Release described herein specifically excludes any claims Plaintiffs or the Settlement Class may have against iMergent's independent auditors, Grant Thornton, LLP.

7. Upon the Effective date, all Settlement Class Members are hereby forever barred and enjoined from prosecuting the Released Claims against the Released Parties.

8. Upon the Effective Date, the Settling Defendants and/or their counsel shall provide the cooperation described at paragraphs 3.11 and 3.12 of the Stipulation of Settlement.

9. Pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), the Released Parties are hereby discharged from all claim for contribution by a Person, whether arising under state, federal or common law, based upon, arising out of, relating to, or in connection with the Released Claims of the Settlement Class or any Settlement Class Member. Accordingly, to the full extent provided by the PSLRA, the Court hereby bars all claims for contribution: (a) against the Released Parties; and (b) by the Released Parties against any Person other than any Person whose

2

liability to the Settlement Class has been extinguished pursuant to the Stipulation and this Judgment.

10. 15 U.S.C. § 78u-4(f)(7)(B) of the PSLRA provides, that if a defendant enters into a settlement with the plaintiff prior to final verdict or judgment, any verdict or judgment against any non-settling defendants shall be reduced by the greater of (a) an amount that corresponds to the percentage of responsibility of the Settling Defendants for the loss of the Plaintiff Class or (b) the amount paid to the Plaintiff Class by the Settling Defendants in connection with the settlement.

11. Upon the Effective Date hereto, each of the Released Parties shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged each and all of the Settlement Class Members and Plaintiffs' Lead Counsel from all claims, arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Action or the Released Claims.

12. With respect to the Settlement Class, this Court finds and concludes that: (a) the Settlement Class Members are so numerous that joinder of all Settlement Class Members in the Action is impracticable; (b) questions of law and fact common to the Settlement Class predominate over any individual questions; (c) Lead Plaintiffs' claims are typical of the claims of the Settlement Class; (d) the Lead Plaintiffs and Plaintiffs' Lead Counsel have fairly and adequately represented and protected the interests of all Settlement Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Settlement Class Members in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by the Settlement Class Members; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the

management of the class action. This Court, therefore, approves the proposed Settlement Class for purposes of effectuating the Settlement and approves Kirby McInerney LLP (formerly Kirby McInerney & Squire, LLP) as Plaintiffs' Lead Counsel and approves Burbidge Mitchell & Gross (formerly Burbidge & Mitchell) as Local Counsel.

13. The Notice of Pendency and Proposed Partial Settlement of Class Action provided to the Settlement Class constituted the best notice practicable under the circumstances, including the individual notice to all Settlement Class Members who could be identified through reasonable effort. Said Notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said Notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, as amended by the PSLRA, and the requirements of due process.

14. Plaintiffs' Counsel are hereby awarded __33 1/3__ % of the Settlement Fund in attorneys' fees, which sum the Court finds to be fair, reasonable and adequate under the "percentage of recovery" method and any lodestar cross-check, and $__71,143.67__ in reimbursement of expenses, which amounts shall be paid to Plaintiffs' Lead Counsel from the Settlement Fund immediately after the date this Order is executed, with interest from the date such Settlement Fund was funded to the date of payment at the same net rate that the Settlement Fund earns. The award of attorneys' fees shall be allocated among Plaintiffs' Counsel in a fashion which, in the opinion of Plaintiffs' Lead Counsel, fairly compensates Plaintiffs' Counsel for their respective contributions in the prosecution of the Action. An appeal of the attorneys' fees and expenses shall in no way affect the finality of this Judgment.

15. Approval of the Plan of Allocation submitted by Plaintiffs' Lead Counsel or any order entered regarding the application for attorneys' fees or for reimbursement of expenses shall in no way disturb or affect this Judgment and shall be considered separately from this Judgment.

16. Any expenses and administrative expenses not heretofore paid or provided for shall be paid out of the Settlement Fund, without further order of the Court, but subject to Court review.

17. Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or concession by Defendants as to any claim asserted in the Action or any other action or proceeding; (b) shall be construed to be evidence of an admission or concession by the Lead Plaintiffs that claims asserted in the Action against the Defendants lacked merit; and (c) shall be offered or received in evidence in any action or proceeding except in a proceeding to enforce the terms of the Stipulation.

18. Without affecting the finality of this Judgment in any way, the Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund and (c) all Settling Parties hereto for the purpose of construing, enforcing and administering the Stipulation; (d) Plaintiffs' claims asserted against Grant Thornton, LLP.

19. The Court finds that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

20. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided

by and in accordance with the Stipulation and shall be vacated and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

21.  There is no reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54 (b) of the Federal Rules of Civil Procedure.

DATED: **March 19, 2008**        ENTERED:

_____
THE HONORABLE DEE BENSON, U.S.D.J.