BURBIDGE MITCHELL & GROSS
Richard D. Burbidge (rburbidge@bmgtrial.com) (UT Bar No. 00492)
Jefferson W. Gross (jwgross@bmgtrial.com) (UT Bar No. 08339)
215 South State Street, Suite 920
Salt Lake City, Utah 84111
Telephone: 801-355-6677
Facsimile: 801-355-2341

Local Counsel for Plaintiffs

KIRBY McINERNEY LLP
Ira M. Press (ipress@kmllp.com) (admitted *pro hac vice*)
825 Third Avenue, 16th Floor
New York, NY 10022
Telephone: 212-371-6600
Facsimile: 212-751-2540

Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| IN RE iMERGENT<br>SECURITIES  LITIGATION | Master File No.: 2:05-cv-0204 (DB) |

### SETTLEMENT DISTRIBUTION ORDER

**WHEREAS**, the captioned class action (the "Action") was settled pursuant to the

terms and conditions of the stipulation of settlement, dated as of October 31, 2007 (the

"Stipulation"), providing for settlement of the Action on behalf of a certified class consisting of  all

persons who purchased or acquired the common stock of iMergent Corporation from November 20,

2001 through October 6, 2005, inclusive, and were injured thereby, excluding defendants, members

of the individual defendants' immediate families, any entity in which any defendant has a controlling

interest or is a parent or subsidiary controlled by iMergent, and the officers, directors, affiliates, legal

representatives, heirs, predecessors, successors and assigns of any of the defendants members of the immediate families of the defendants, any entity in which any defendant has or had a controlling interest, present or former directors and officers of iMergent and the legal representatives, heirs, successors, or assigns of any such defendant in exchange for payment of $2,800,000, plus interest (the "Settlement Fund"); and

WHEREAS, this Court held a hearing on the fairness of the terms and conditions of the Settlement and the Plan of Allocation of the Settlement Fund on March 19, 2008, at which time all Class members were provided with an opportunity to be heard; and

WHEREAS, on March 19, 2008, this Court entered the Final Approval Order and Judgment (the "Final Judgment"), finding, *inter alia*, that the Settlement and the Plan of Allocation were fair, reasonable and adequate and in the best interests of the Class and that the Notice to the Class satisfied the requirements of Rule 23(e) of the Federal Rules of Civil Procedure and due process; and

WHEREAS, this Court retained jurisdiction to effectuate and enforce the provisions of the Stipulation, including the administration of the Settlement and distribution of the Settlement Fund to eligible members of the Class ("Authorized Claimants"), including, but not limited to, authority to approve final distribution of the Settlement Fund; and

WHEREAS, counsel for plaintiffs and the Class ("Plaintiffs' Lead Counsel"), and their professional claims administrator, The Garden City Group , Inc. ("GCG"), have now completed all steps required for processing, reviewing and administering claims as set forth in the Stipulation and have calculated, pursuant to the terms of the Plan of Allocation set forth in the Notice of Settlement, dated January 10, 2008, both the number of valid and complete Proofs of Claim

submitted and the total net Recognized Loss (as that term is defined in the Notice) of Settlement, for each Authorized Claimant; and

WHEREAS, Plaintiffs' Lead Counsel and GCG have reported to this Court by Affidavit of Stephen J. Cirami In Support of Motion for Distribution, sworn to on November 4, 2008 ("Cirami Affidavit"), respecting the review, processing, administration and calculation of claims, and have provided a final report listing all valid and complete claims with the eligible claims, and all ineligible claims and the reasons for such ineligibility; and

WHEREAS, Plaintiffs' Lead Counsel have applied to this Court for approval of the distribution of the Settlement Fund pursuant to the terms and conditions of the Stipulation; and

WHEREAS, Plaintiffs' Lead Counsel request that this Court approve payment to GCG from the Settlement Fund of its unreimbursed fees and expenses incurred in connection with the settlement administration; and

WHEREAS, this Court has duly considered all submissions presented with respect to the foregoing.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.     This Court finds that the procedures and methods utilized in the administration of the Settlement and the process, review and calculation of claims submitted by claimants fully complied with the provisions of the Final Judgment, and the Plan of Allocation set forth in Notice of Settlement, and are accordingly approved by this Court.

2.     This Court directs Plaintiffs' Lead Counsel to pay all taxes owed by the Settlement Fund from the Settlement Fund, including the tax incurred on interest earned by the Settlement Fund, and to continue their efforts to resolve any disputes outstanding, or which may arise with the Internal

Revenue Service in a manner they determine, in their discretion, is most beneficial to the Settlement Fund.

3.      This Court allows all timely, complete and valid claims, described in the Cirami Affidavit, ¶ 13 and in Exhibit B to the Cirami Affidavit.  This Court also will allow all claims that are complete and valid listed on Cirami Affidavit at ¶ 14 and in Exhibit C to the Cirami Affidavit, although they may have been submitted untimely.

4.      This Court directs payment to all 2,382 Authorized Claimants in accordance with the Court-approved Plan of Allocation.

5.      The Court finds that all Claimants described in ¶ 15 of the Cirami Affidavit, whose claims are either partially or completely invalid, have been given a fair and reasonable opportunity to object to and/or to appeal the rejection of all or part of their claims; and directs that all of such claims be rejected.

6.      Any claims submitted by any Class member after November 6, 2008 shall not be accepted for any reason whatsoever.

7.      The request by GCG for payment of its unpaid fees and expenses incurred to date in administration of the Settlement and its projected costs for the actual distribution to Claimants approved in this Order, of $230,612.15, is approved.

8.      The balance of the Net Settlement Fund (less any necessary amounts to be withheld for payment of potential tax liabilities and related fees and expenses) shall be distributed on a *pro rata* basis to the Authorized Claimants identified in Exhibits B and C to the Cirami Affidavit, at the direction of Plaintiffs' Lead Counsel.

9.      The checks for distribution to the Authorized Claimants shall bear the notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT CASHED BY 180

DAYS AFTER ISSUE." Plaintiffs' Lead Counsel and GCG are authorized to take appropriate action to locate and/or contact any Authorized Claimant who has not cashed his, her or its check within said time.

10.     This Court directs Plaintiffs' Lead Counsel to continue administration of the Settlement pursuant to this Order and the Stipulation.

11.     This Court directs Plaintiffs' Lead Counsel to retain the balance of any undistributed funds in the Settlement Fund, the proceeds of any returned or uncashed distribution checks or any tax refunds that may be obtained, and any interest thereon, in an interest bearing escrow account or fund.

12.     After one year following the distribution of the Net Settlement Fund to Authorized Claimants and after appropriate efforts have been made by either Plaintiffs' Lead Counsel or GCG to ensure that Authorized Claimants cash their checks, Plaintiffs' Lead Counsel is authorized to distribute any funds remaining in the Net Settlement Fund by reason of returned or unpaid checks or otherwise, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such re-distribution, to Authorized Claimants who have cashed their checks, provided that they would receive at least $10.00 in such re-distribution based on their Recognized Claims.  If six months after such re-distribution, any funds shall remain in the Net Settlement Fund, then GCG following consultation with Plaintiffs' Lead Counsel, shall donate any remaining funds to a charitable or educational entity certified under the United States Internal Revenue Code § 501(c), to be designated by Plaintiffs' Lead Counsel and Defendants' counsel and approved by the Court.

13.     This Court finds that the administration of the Settlement and the proposed distribution of the Net Settlement Fund comply with the terms of the Stipulation and the Plan of Allocation and that all persons involved in the review, verification, calculation, tabulation, or any

other aspect of the processing of the claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund are released and discharged from any and all claims arising out of such involvement, and all Class members, whether or not they are to receive payment from the Net Settlement Fund are barred from making any further claims against the Net Settlement Fund or the Released Persons beyond the amount allocated to them pursuant to this Order.

14.     The Claims Administrator is authorized to discard paper or hard copies of Proofs of Claim and supporting documents not less than one year after the initial distribution of the Net Settlement Fund to the Authorized Claimants and electronic or magnetic media data not less than three years after the initial distribution of the Net Settlement Fund to the eligible Authorized Claimants.

15.     This Court shall retain jurisdiction over any further application or matter which may arise in connection with this action.  The retention of jurisdiction by this Court in this matter does not affect in any way the finality of this Order.

        IT IS SO ORDERED.

DATED: _December 1, 2008_

_____
HONORABLE DEE BENSON
UNITED STATES DISTRICT JUDGE

6