IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| IN RE IMERGENT SECURITIES LITIGATION, | **ORDER DENYING PLAINTIFFS' RULE 60(b) MOTION** |
| | <u>CLASS ACTION</u> |
| This Document relates to: All Actions | Master File No. 2:05-CV-204 |
| | Judge Dee Benson |

This matter is before the court on Plaintiffs' Motion for Relief From Final Order Denying Plaintiffs Leave to Amend Their Complaint. (Dkt. No. 176.) More specifically, Plaintiffs have moved pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, seeking relief from this court's October 30, 2009 Order, which granted Defendant Grant Thornton's motion to dismiss Plaintiffs' Second Amended Complaint with prejudice and denied Plaintiffs the opportunity to further amend the complaint. As grounds for the Rule 60(b) motion, Plaintiffs rely on two orders recently issued by the Public Company Accounting Oversight Board (PCAOB) which sanction

1

former employees of Defendant Grant Thornton for their conduct during the audit of iMergent. Plaintiffs assert that these recently issued PCAOB Orders contain newly discovered evidence that is sufficient to warrant relief under Rule 60(b)(2) and to allow Plaintiffs to file a Third Amended Complaint.

"[R]elief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances." Rogers v. Andrus Transp. Servs., 502 F.3d 1147, 1153 (10th Cir. 2007); see also Cummings v. General Motors Corp., 365 F.3d 944, 955 (10th Cir. 2004) ("Parties seeking relief under Rule 60(b) have a higher hurdle to overcome because such a motion is not a substitute for an appeal."), abrogated on unrelated grounds, Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc., 546 U.S. 394 (2006). Rule 60(b) is not available to allow a party merely to rehash previously-presented arguments already rejected by the court, nor is it properly used to present new arguments based upon law or facts that existed at the time of the original argument. FDIC v. United Pacific Ins. Co., 152 F.3d 1266, 1272 (10th Cir. 1998); Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991).

For newly discovered evidence to provide a basis for relief under Rule 60(b)(2), Plaintiffs must satisfy the following conditions: (1) the newly discovered evidence consists of facts that existed at the time of the dispositive proceeding; (2) the movant was justifiably ignorant of the evidence despite due diligence; (3) the evidence must be of such importance that it probably would have changed the outcome; and (4) the evidence is material and not merely cumulative or impeaching. See Lyons v. Jefferson Bank & Trust, 994 F.2d 716, 728 (10th Cir. 1993); see also Graham by Graham v. Wyeth Labs., 906 F.2d 1399 (10th Cir. 1990).

Applying these principles, the court finds that Plaintiffs have failed to satisfy the burden

set forth in Rule 60(b)(2). The PCAOB Orders on which Plaintiffs rely were entered in response to an offer of settlement made pursuant to PCAOB Rule 5205–Settlement of Disciplinary Proceeding Without A Determination After Hearing. As such, the PCAOB Orders and the information contained therein merely summarize the PCAOB's allegations in approving the individual settlements. Moreover, although the PCAOB Orders reference additional documents, the court nonetheless finds that the additional documents referenced in the PCAOB Orders are not of such importance that they are likely to alter the outcome of the court's October 30, 2009. Having failed to satisfy the requirements of Rule 60(b)(2), Plaintiffs' motion is DENIED.

It is so ordered.

Dated this 5th day of April, 2010.

_____
Dee Benson
United States District Judge